IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DANA CROSS, mother, next of kin and Special Representative of the estate of her son, CALVIN CROSS, Deceased, )))))<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>The CITY OF CHICAGO, a municipal Corporation, and UNKNOWN CHICAGO POLICE OFFICERS, )))))<br>Defendants. ) | 12 CV 3807<br><br>Judge _____<br><br>Magistrate Judge _____ |

## COMPLAINT

Plaintiff, DANA CROSS, on behalf of herself and as special representative of the estate of her decedent son, CALVIN CROSS, by and through her attorneys, Torreya L. Hamilton and Tony Thedford, makes the following complaint against Defendants The CITY OF CHICAGO (Defendant CITY) and UNKNOWN CHICAGO POLICE OFFICERS (Defendant UNKNOWN OFFICERS):

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. At the time of his death, decedent CALVIN CROSS was a 19-year-old African-American male, and a resident of the City of Chicago, Illinois.

5. Plaintiff DANA CROSS is mother to decedent CALVIN CROSS and brings this action on her of herself, on behalf of her deceased son as his next-of-kin, and also as special representative to the estate of decedent, CALVIN CROSS.  At all relevant times, DANA CROSS was a resident of the City of Chicago, Illinois.

6. At all relevant times, Defendant UNKNOWN OFFICERS were Chicago Police Officers employed by the Defendant CITY and under color of state law and within the scope of their employment as Chicago police officers.

7. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the Defendant UNKNOWN OFFICERS.

**FACTS**

8. On or about May 31, 2011, decedent CALVIN CROSS was outside in his neighborhood and two blocks from his home, near the intersection of 124th and Wallace Streets in Chicago, Illinois.

9. Defendant UNKNOWN OFFICERS were on duty and pulled up in a police vehicle on 124th Street near CALVIN CROSS.

10. One or more of Defendant UNKNOWN OFFICERS began to shoot at CALVIN CROSS.

11. CALVIN CROSS tried to run away and ran into a grassy lot at 124th and Wallace Streets.

12. One or more of Defendant UNKNOWN OFFICERS fired several shots at CALVIN CROSS causing him to receive multiple gun shot wounds, which eventually caused his death.

**COUNT I**
(42 U.S.C. §1983 –Fourth Amendment Excessive Force)

13. Each of the foregoing paragraphs is incorporated as if fully restated here.

14. As described more fully in the preceding paragraphs, Defendant UNKNOWN OFFICERS subjected Decedent CALVIN CROSS to excessive force in violation of the Fourth Amendment to the United States' Constitution.

15. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Decedent's constitutional rights.

16. Defendants' misconduct as described in the preceding paragraphs proximately resulted in severe physical and emotional harm to, and the ultimate death of, decedent CALVIN CROSS.

17. As a direct and proximate result of Defendant UNKNOWN OFFICERS' acts or omissions, decedent experience conscious and severe pain and suffering and emotional distress, his estate has incurred medical and funeral expenses, and PLAINTIFF has suffered emotional distress, including loss of society and companionship.

**WHEREFORE**, PLAINTIFF prays for judgment against Defendant UNKNOWN OFFICERS, jointly and severally, in an amount reasonable to compensate PLAINTIFF and Decedent's estate, plus punitive damages against Defendant UNKNOWN OFFICERS, in addition to costs, attorney's fees, and such other relief as is just and equitable.

### COUNT II
(42 U.S.C. §1983 –Failure to Intervene)

18. Each of the foregoing paragraphs is incorporated as if fully restated here.

19. During the constitutional violations described above, one or more of Defendant UNKNOWN OFFICERS were aware of their fellow officers' use of excessive force and had a reasonable opportunity to intervene to prevent the harm suffered by Decedent, but failed to do so.

20. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Decedent's constitutional rights.

21. As a result of Defendant UNKNOWN OFFICERS' failure to intervene, Decedent experienced conscious and pain and suffering, emotional distress, and death; his estate incurred medical and funeral expenses; and PLAINTIFF has suffered emotional distress, including loss of society and companionship.

**WHEREFORE**, PLAINTIFF prays for judgment against Defendant UNKNOWN OFFICERS, jointly and severally, in an amount reasonable to compensate PLAINTIFF and Decedent's estate, plus punitive damages against Defendant UNKNOWN OFFICERS, in addition to costs, attorney's fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights)

22. Each of the foregoing paragraphs is incorporated as if fully restated here.

23. As described more fully above, the Defendant UNKNOWN OFFICERS reached an express or implied agreement to violate Decedent's constitutional rights as described in the preceding paragraphs.

24. One or more of Defendant UNKNOWN OFFICERS further conspired to cover up their own, and each others' misconduct with respect to Decedent.

25. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

26. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

27. As a result of the Defendant UNKNOWN OFFICERS' acts or omissions, Decedent experienced conscious and pain and suffering, emotional distress, and death; his estate incurred medical and funeral expenses; and PLAINTIFF has suffered emotional distress, including loss of society and companionship.

**WHEREFORE**, PLAINTIFF prays for judgment against Defendant UNKNOWN OFFICERS, jointly and severally, in an amount reasonable to compensate PLAINTIFF and Decedent's estate, plus punitive damages against Defendant UNKNOWN OFFICERS, in addition to costs, attorney's fees, and such other relief as is just and equitable.

## COUNT IV
(Illinois Wrongful Death Claim)

28. Each of the foregoing paragraphs is incorporated as if fully restated here.

29. At all relevant times, Defendant UNKNOWN OFFICERS owed decedent CALVIN CROSS a duty to refrain from wanton and willful acts and omissions, which could cause him harm.

30. Defendant OFFICERS breached their duty to decedent CALVIN CROSS in the manner described above and the actions of the police officers at issue were undertaken intentionally, willfully and wantonly, and were the proximate cause of Decedent's great bodily harm and death as well as great pain and suffering.

31. Decedent CALVIN CROSS, is survived by his next of kin and mother, DANA CROSS.

32. By reason of the death of Decedent, PLAINTIFF has suffered damages, including the loss of comfort, love, affection, protection and society of the decedent.

33. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

34. At all relevant times, Defendant UNKNOWN OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, Defendant UNKNOWN OFFICERS.

**WHEREFORE**, PLAINTIFF, prays for judgment against all DEFENDANTS, jointly and severally, in an amount reasonable to compensate PLAINTIFF, in addition to costs, attorney's fees, and such other relief as is just and equitable.

## COUNT V
(Illinois Survival Act Claim-Battery)

35. Each of the foregoing paragraphs is incorporated as if fully restated here.

36. As more fully alleged in the preceding counts, the actions of Defendant UNKNOWN OFFICERS used physical force upon decedent CALVIN CROSS without his consent.

37. DEFENDANTS' acts and/or omissions, as more fully alleged above, were undertaken intentionally, willfully and wantonly.

38. As a direct and proximate result of Defendant UNKNOWN OFFICERS' and acts or omissions, Decedent suffered conscious pain and suffering and emotional distress.

39. Decedent, CALVIN CROSS, is survived by his mother and the special representative of his estate, DANA CROSS, who maintains the statutory and common law causes of actions alleged in this complaint , which accrued prior to her son's death.

40. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

41. At all relevant times, Defendant UNKNOWN OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, Defendant UNKNOWN OFFICERS.

**WHEREFORE**, PLAINTIFF, prays for judgment against all DEFENDANTS, jointly and severally, in amount reasonable to compensate Decedent for DEFENDANTS' willful misconduct, in addition to costs, attorney's fees, and such other relief as is just and equitable.

## COUNT VI
(Illinois Survival Act Claim-Intentional Infliction of Emotional Distress)

42. Each of the foregoing paragraphs is incorporated as if fully restated here.

43. As more fully alleged in the preceding counts, Defendants wantonly and willfully caused decedent CALVIN CROSS to suffer severe emotional distress before his death.

44. Defendants knew or should have known that their acts or omissions would cause decedent CALVIN CROSS to suffer severe emotional distress, and in fact, their willful and wanton misconduct, did cause her to suffer severe emotional distress until she died.

45. As a direct and proximate result of Defendants' acts or omissions, CALVIN CROSS suffered the severe emotional distress and suffering prior to his death.

46. Decedent, CALVIN CROSS, is survived by his mother and the special representative of his estate, DANA CROSS, who maintains the statutory and common law causes of actions alleged in this complaint , which accrued prior to her son's death.

47. Illinois law provides that public entities, such as Defendant CITY, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

48. At all relevant times, Defendant UNKNOWN OFFICERS were agents of Defendant CITY and employees of the Chicago Police Department acting within the scope of their employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agents, Defendant UNKNOWN OFFICERS.

**WHEREFORE**, PLAINTIFF, prays for judgment against all DEFENDANTS, jointly and severally, in amount reasonable to compensate Decedent for DEFENDANTS' willful misconduct, in addition to costs, attorney's fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

DANA CROSS, mother, next of kin and Special Representative of the Estate of Decedent, CALVIN CROSS,

By: /s Torreya L. Hamilton
    One of Plaintiffs' Attorneys

HAMILTON LAW OFFICE, LLC
11 South LaSalle Street, Suite 1000
Chicago, IL 60603
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397

By: /s Tony Thedford
    One of Plaintiffs' Attorneys

LAW OFFICE OF TONY THEDFORD, PC
53 West Jackson Blvd, Suite 1437
Chicago, IL 60604
312.957.0100
tony@thedfordlaw.com
Attorney No. 6239316