IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TUNOKA JETT, as guardian and next friend of her minor son, JOHN DOE, ,<br><br>   Plaintiff,<br><br>   v.<br><br><br><br>The CITY OF CHICAGO, a municipal Corporation, and Chicago Police Officers MOHAMMED ALI (#7241), MACARIO CHAVEZ (#9084), and MATILDE OCAMPO (#13474),<br><br>   Defendants. | 12 CV 4263<br><br>Judge Dow<br><br>Magistrate Judge SOAT BROWN |

**AGREED MOTION TO APPROVE MINOR'S
SETTLEMENT AND THE DISTRIBUTION OF FUNDS**

Plaintiff, TUNOKA JETT, on behalf of her minor child, JOHN DOE, through one of her attorneys, Torreya L. Hamilton, requests that Honorable Court review and approve the minor's settlement and the distribution of funds in this matter. In support thereof, Plaintiff states as follows:

1. This lawsuit was filed on May 31, 2012 alleging excessive force and wrongful death claims on behalf of decedent, Calvin Cross, who was shot and killed by Defendant police officers on May 31, 2011.

2. The sole remaining Plaintiff is in this matter is TUNOKA JETT, mother and next friend of JOHN DOE, the minor son and only heir of decedent, Calvin Cross.

3. JOHN DOE has a date of birth of 7/2/2011, and thus, is currently three years' old.

4. TUNOKA JETT is twenty-two years old, is JOHN DOE's natural mother and legal guardian, and is competent to represent the best interests of her son, JOHN DOE, in this matter.

5. After participating in a settlement conference with this Court, during which this Court was advised of the proposed terms of settlement, the parties reached an agreement to settle this matter for TWO MILLION DOLLARS ($2,000,000.00) in a structured settlement for the benefit of JOHN DOE. The settlement is contingent upon approval by the Chicago City Council and will be presented to the council for approval in April or May.

6. The proposed minor's settlement distribution is as follows:

A. The City of Chicago will pay One-hundred Fifty Thousand Five Dollars ($150,000.00) to Midland States Bank to fund the minor, JOHN DOE's, trust. Plaintiff has agreed that Midland Trust (the Bank) will act as the trustee for the minor's estate.

B. The City of Chicago will pay Six Hundred Sixty Thousand Dollars ($660,000.00) to Plaintiffs' counsel in full satisfaction of all attorneys' fees in this matter. This amount is equal to thirty-three (33%) percent of the total settlement proceeds as allowed by Illinois law.

C. The City of Chicago will pay Five Thousand Nine Hundred Fourteen and 58/100 ($5,914.58) to Plaintiff's counsel for costs in this matter. An itemization of the costs in this matter will be produced for review by this Court with a courtesy copy of this motion.

D. The City of Chicago has agreed to pay the remaining One Million One Hundred Eighty Four Thousand Eighty Five and 42/100 Dollars ($1,184,085.42) to fund a structured settlement for the benefit of JOHN DOE, to be paid to Midland States Bank, Trustee for JOHN DOE, which is to be distributed to the trust as follows:

$2,000.00 per month guaranteed for 19 years, beginning on 9/1/2015.
The final guaranteed payment will be on 8/1/2034. (Age 3-22)

From age 5 through 13:
$10,000.00 guaranteed payment on 7/2/2016;   $10,000.00 guaranteed payment on 1/2/2017;
$10,000.00 guaranteed payment on 7/2/2017;   $10,000.00 guaranteed payment on 1/2/2018;
$10,000.00 guaranteed payment on 7/2/2018;   $10,000.00 guaranteed payment on 1/2/2019;
$10,000.00 guaranteed payment on 7/2/2019;   $10,000.00 guaranteed payment on 1/2/2020;
$10,000.00 guaranteed payment on 7/2/2020;   $10,000.00 guaranteed payment on 1/2/2021;
$10,000.00 guaranteed payment on 7/2/2021;   $10,000.00 guaranteed payment on 1/2/2022;
$10,000.00 guaranteed payment on 7/2/2022;   $10,000.00 guaranteed payment on 1/2/2023;
$10,000.00 guaranteed payment on 7/2/2023;   $10,000.00 guaranteed payment on 1/2/2024;
$10,000.00 guaranteed payment on 7/2/2024;   $10,000.00 guaranteed payment on 1/2/2025;

From age 14 through 17:

$15,000.00 guaranteed payment on 7/2/2025;   $15,000.00 guaranteed payment on 1/2/2026;
$15,000.00 guaranteed payment on 7/2/2026;   $15,000.00 guaranteed payment on 1/2/2027;
$15,000.00 guaranteed payment on 7/2/2027;   $15,000.00 guaranteed payment on 1/2/2028;
$15,000.00 guaranteed payment on 7/2/2028;   $15,000.00 guaranteed payment on 1/2/2029;

From age 18 through 23:

$25,000.00 guaranteed payment on 7/2/2029;   $25,000.00 guaranteed payment on 1/2/2030;
$25,000.00 guaranteed payment on 7/2/2030;   $25,000.00 guaranteed payment on 1/2/2031;
$25,000.00 guaranteed payment on 7/2/2031;   $25,000.00 guaranteed payment on 1/2/2032;
$25,000.00 guaranteed payment on 7/2/2032;   $25,000.00 guaranteed payment on 1/2/2033;
$25,000.00 guaranteed payment on 7/2/2033;   $25,000.00 guaranteed payment on 1/2/2034;

$50,000.00 guaranteed payment on 7/2/2034 (Age 23).

$5,000.00 per month for 6 years and 10 months guaranteed, beginning on 9/1/2034.
The final guaranteed payment will be on 6/1/2041 (age 23-30).

$515,000.00 guaranteed payment on 7/2/2041 (age 30).

E. Due to the structured settlement negotiated by the parties the guaranteed payout to the minor, so long as the trust remains in place as structured, will be $1,981,000.00 when JOHN DOE reaches age 30, at which time the trust will terminate.

7. The Release and Settlement Agreement will be produced to this Court with a courtesy copy of this motion.

8. A draft agreed order approving the minor's settlement and the distribution of funds is attached as Exhibit A.

WHEREFORE, the plaintiff, TUNOKA JETT, on behalf of her minor son, JOHN DOE, , asks that this Honorable Court approve the settlement and the distribution of funds as set forth above.

Respectfully Submitted,

TUNOKA JETT, on behalf of her minor son,
JOHN DOE, Plaintiff,

By: /s Torreya L. Hamilton
     Attorney for Plaintiff

HAMILTON LAW OFFICE, L.L.C.
53 West Jackson Blvd., Suite 452

3

Chicago, IL 60604
312.726.3173